UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOND EARL GOINS,

        Petitioner,

v.                                         CASE NO. 08-CV-10520
                                          HONORABLE NANCY G. EDMUNDS

MICHIGAN DEPARTMENT
OF CORRECTIONS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

I.    Introduction

This is a habeas case under 28 U.S.C. § 2254. Demond Goins ("Petitioner"), a Michigan prisoner, states that he was convicted of felony murder following a jury trial in the Wayne County Circuit Court and was sentenced to life imprisonment without the possibility of parole in 2005. In his petition, he raises claims concerning the sufficiency of the evidence, the effectiveness of trial and appellate counsel, and the denial of his right to testify. For the reasons set forth herein, the Court concludes that Petitioner has not fully exhausted his state court remedies and dismisses without prejudice the petition for writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed on appeal *in forma pauperis*.

II.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state

1

prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. In his pleadings, Petitioner admits that he did not raise his claims concerning the ineffective assistance of counsel and the denial of his right to testify before the Michigan Court of Appeals on direct appeal of his convictions. He first presented those issues to the Michigan Supreme Court on discretionary review. Submission of claims to a state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only upon "special and important reasons." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). Petitioner has thus failed to properly exhaust three of his four habeas claims in the state courts.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if

pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the trial court and pursue his unexhausted issues in the state appellate courts as necessary.

Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about December 9, 2007, and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003).

Petitioner alleges ineffective assistance of appellate counsel as cause for failing to raise the unexhausted claims in the state courts before proceeding in this Court. However, a claim of ineffective assistance of counsel asserted as cause to excuse a procedural default is itself an independent constitutional claim which requires exhaustion in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Petitioner has not done so. He has also not shown good cause for failing to properly exhaust his habeas claims in the state courts before proceeding in federal court on habeas review. His unexhausted claims concern matters of federal law which may warrant further review. Those claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the unexhausted claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he presents those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the exhausted insufficient evidence claim, he may move to re-open this case and amend his petition to proceed on the exhausted claim within 30 days of the filing date of this

order. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 12, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager